**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNE OLIVER, | No. 12-35508 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-00628-HO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted November 8, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

June Oliver appeals from a district court judgment that affirmed the

decision of the Commissioner of Social Security denying her claim for Social

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Oliver contends that the Administrative Law Judge (ALJ) did not use "work-related terms" in assessing her residual functional capacity (RFC), thus rendering the assessment invalid. We disagree. The RFC assessment properly accounts for the limitations in Oliver's stamina, memory, and ability to concentrate. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (concluding that an RFC assessment adequately captures limitations in broad functional areas if it is consistent with limitations evidenced in the medical opinions).

II

Oliver also contends that the ALJ erred in omitting the limitations assessed by Dr. Linda Jensen. The ALJ determined at step five of the sequential evaluation process that Oliver could perform the requirements of a garment sorter or small-products assembler. Neither occupation requires any of the physical demands or environmental conditions implicated by Dr. Jensen's assessment. *See Selected Characteristics of Occupations in the Revised Dictionary of Occupational Requirements* 203, 284 (rev. ed. 1993) (listing the characteristics of garment sorting and small-products assembly). Any error in failing to address explicitly

Dr. Jensen's findings therefore is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

III

Finally, Oliver argues that the record does not support the ALJ's findings. This claim has been forfeited, however, because Oliver failed to raise it before the district court. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**